THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAHNAZ AHADI-DIZNAB, | CASE NO. C16-0991-JCC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| SEAWEND, LTD., | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.      BACKGROUND

Plaintiff Mahnaz Ahadi-Diznab sued her former employer, Defendant Seawend, Ltd., for racial and ethnic discrimination. (Dkt. No. 1-1 at 2.) Plaintiff filed her complaint on July 22, 2016. (Dkt. No. 5.) On January 11, 2017, Defendant moved to dismiss, claiming it was never served Plaintiff's summons or complaint. (Dkt. No. 12 at 2.) Plaintiff did not respond to Defendant's motion to dismiss.

## II.      DISCUSSION

Defendants must generally be served within 90 days of the complaint being filed. Fed. R. Civ. P. 4(m). If a defendant is not served within 90 days, the Court must either dismiss the action

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS
PAGE - 1

1   without prejudice or order that service be completed within a specified time. *Id.* Accidental

2   errors or unfamiliarity with the Federal Rules of Civil Procedure do not alone excuse the failure

3   to properly serve a defendant. *See Townsel v. Contra Costa County,* 820 F.2d 319, 320 (9th Cir.

4   1987) (ignorance of rule did not constitute good cause to extend the deadline); *Wei v. State of*

5   *Hawaii,* 763 F.2d 370, 372 (9th Cir. 1985) (recognizing that "[t]he rule is intended to force

6   parties and their attorneys to be diligent in prosecuting their causes of action").

7          Plaintiff's complaint was filed on July 22, 2016. (Dkt. No. 5.) Plaintiff needed to serve

8   Defendant by October 20, 2016 to meet Rule 4(m)'s 90-day deadline.[1] Plaintiff has not filed any

9   proof of service with the Court and has not taken the appropriate steps to explain why she could

10  not meet the 90-day deadline. Moreover, Plaintiff did not oppose the motion. The Court

11  considers her lack of response "as an admission that the motion has merit." W.D. Wash. Local

12  Civ. R. 7(b)(2). Therefore, the Court finds dismissal appropriate.

13  **III.   CONCLUSION**

14         For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 12) is GRANTED,

15  and Plaintiff's complaint is DISMISSED without prejudice. Because this dismissal is without

16  prejudice, Plaintiff may refile the lawsuit as long as she does so within the statute of limitations.

17  The Clerk is DIRECTED to close this case. The Clerk is further DIRECTED to send a copy of

18  this order to Plaintiff.

19         //

20         //

21         //

22

23  [1] On October 14, 2016, Plaintiff filed a request for "a few more weeks" of additional time to
    "continue working on [her] case." (Dkt. No. 8.) The Court explained to Plaintiff that there were

24  "no deadlines from which the Court [could] grant relief" during that few week period. (Dkt. No.
    11 at 1.) The Court further stated that its order was not "a generally applicable grant of additional

25  time" and that Plaintiff must file a new request for relief from deadlines outside those few weeks.
    (*Id.*) Moreover, even if the 90-day clock started running at the conclusion of the few weeks, the

26  deadline for service has now passed with no further action from Plaintiff.

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS
PAGE - 2

1          DATED this 23rd day of February, 2017.

2

3

4

5          John C. Coughenour
           UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS
PAGE - 3